Honorable Stephen J. Wing County Attorney, Dutchess County
You request an opinion as to the proper method to be followed by Dutchess County in making appointments to a district forest practice board pursuant to Environmental Conservation Law, § 9-0705.
Dutchess County has an elected county legislative body and an elected county executive.
Originally, the authorization to create forest practice boards was Chapter 52 of the Laws of 1946, which added Conservation Law, § 60-d. Subdivision 3 of that section provided that members from each county would be appointed by the chairman of the board of supervisors with the approval of the board of supervisors except that in a county having a county president, a county executive or other chief executive officer, the appointment would be made by that officer with the approval of the board of supervisors. There were no substantial changes in those provisions through the various amendments to the Conservation Law until the Environmental Conservation Law (its successor) was adopted as Chapter 664 of the Laws of 1972, when a substantial change was made. Environmental Conservation Law, § 9-0705 contains the current guidelines for selection of members of forest practice boards. That section has three statements bearing on your question. They are not designated by number in the statute and, in fact, are not even separate paragraphs but for the purpose of this opinion we will assign numbers to them. They are:
 #1. "The members from each county shall be appointed by the chairman of the board of supervisors of each county with the approval of the board of supervisors, except in a county having a county president, a county executive or other chief executive officer, and in any such county, such president, county executive or other chief executive officer shall appoint the members representing such county with the approval of the board of supervisors of such county."
This statement is a repetition of the original statutory scheme of 1946.
 #2. "In a county having an elected legislative body the presiding officer shall appoint the members representing such county with the approval of the legislative body. If there is no presiding officer then the members representing such county shall be appointed by the legislative body as a whole."
 #3. "One of the members may be a member of the board of supervisors or of the elected legislative body."
Quotations numbers 2 and 3 from the 1972 enactment demonstrate the Legislature's awareness of the new form of county government which began to appear in the mid-1960s: a county legislative body, with members elected as such, to replace the traditional county board of supervisors. This new form of county government was necessitated by the advent of the "one person — one vote" rule under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.
County Law, § 150, provides:
 "The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county."
The Legislature indicated its awareness of the changing form of county government as early as 1968 when, by Chapter 1070 of the Laws of 1968, it added a new County Law § 150-a, as follows:
 "§ 150-a. County legislative body, other than board of supervisors
 "1. All the functions, powers, obligations and duties which by law are possessed by or vested in the board of supervisors of a county may be exercised by an elected county legislative body, by whatsoever name designated, which shall, pursuant to law, or order or judgment of a court of competent jurisdiction, be established in place of the board of supervisors of such county. All acts heretofore performed by such elected county legislative body shall be valid if and to the extent that they would have been valid if performed by the board of supervisors of such county.
 "2. Whenever the board of supervisors of a county is referred to or designated in any law, contract or document pertaining to any of the functions, powers, obligations and duties of such board, such reference or designation shall be deemed to include the elected county legislative body, by whatsoever name designated which, pursuant to law, or order or judgment of a court of competent jurisdiction, shall have been established in place of the board of supervisors."
County Law § 151 subd 1 requires the board of supervisors to organize the board and select a chairman on or before the 8th day of January in each year. Since the new County Law § 150-a makes County Law §151 subd 1 applicable to the new county legislative bodies, each county outside of the City of New York must have a chairman of its board of supervisors or its county legislative body, as the case may be. This means that the Legislature's substantial change in Environmental Conservation Law, § 9-0705, quoted above, perhaps inadvertently limited the appointing power of a chief executive officer to those counties that retain a board of supervisors (quotation #1). The section does not make the same exception for counties that have an elected legislative body (quotation #2).
In our opinion, in counties having an elected legislative body, the presiding officer of the elected legislative body has the power to appoint members of the forest practice board, subject to the approval of the legislative body, even though that county may have a county president, county executive or other chief executive officer; in Dutchess County, which is a county having an elected legislative body and a county executive, the chairman of the elected legislative body has the power to make the appointments subject to approval of the legislative body.